█ DANIEL GREEN, Respondent, v. LONG ISLAND SCHOOL OF AERONAUTICS, Appellant.— In an action to recover damages for personal injuries resulting from an airplane accident, defendant appeals from an order of the Supreme Court, Nassau County, dated December 10, 1959, granting plaintiff's motion to open his default, to vacate the dismissal of the action, and to restore it to the Trial Calendar. The accident occurred in May, 1952; the action was commenced in December, 1953; and issue was joined in January, 1954. On October 1, 1957 the action was struck from the calendar because of plaintiff's failure to file a statement of readiness (see Rules App. Div. [2d Dept.], Special Rule, eff. Jan. 15, 1957, as amd.). One year later, on October 1, 1958, the action was dismissed pursuant to rule 302 of the Rules of Civil Practice. On November 25, 1959, plaintiff made the motion which resulted in the order appealed from. Order reversed, with $10 costs and disbursements, and motion denied. Almost six years elapsed between the date of the commencement of this action and the date of the making of plaintiff's motion to open his default. In our opinion, no proper legal excuse was offered for the omission to file the requisite statement of readiness. The excuse presented is that plaintiff's attorney was not aware of his noncompliance with the Special Rule requiring the filing of the readiness statement until June, 1959, when he received a postcard from the Calendar Clerk apprising him that on October 1, 1957, the action had been struck from the calendar. It was only when he got the postcard that he ascertained the fact as to the omission. Such casual supervision of the calendar status of a pending action may not serve to defeat the mandatory requirements of the rule calling for the filing of a statement of readiness (*Abbey* v. *Trynin*, 9 A D 2d 913). Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.